UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONIO BLANCHARD, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Petitioner, | | |
| v. | | Civil Action No. 25-2402 (UNA) |
| UNITED STATES PAROLE COMMISSION, *et al.*, | | |
| Respondents. | | |

## MEMORANDUM OPINION

This matter is before the court on consideration of Antonio Blanchard's application to proceed *in forma pauperis*, ECF No. 3, petition for a writ of habeas corpus, ECF No. 1, as amended, ECF No. 4, and motion for appointment of counsel, ECF No. 2. For the reasons explained below, the Court will grant the application, deny the petition, and deny the motion as moot.

In 1994, the Superior Court of the District of Columbia sentenced Petitioner to a term of seven to 21 years' imprisonment upon his conviction of armed robbery and related offenses. *See* Pet. at 1; *see id.*, Ex. 5. In 2009, he was released on parole, and while on parole he was charged with and convicted of armed robbery in Cook County, Illinois. *See id.* at 2-3. The Illinois court imposed a 40-year term of imprisonment which Petitioner currently is serving at the Menard Correctional Center. *See id.* at 3. The United States Parole Commission has issued a parole violation warrant which is lodged as a detainer. *See id.* at 5. Its existence has kept "Petitioner's security level high," *id.*, and renders him ineligible for programs or placements which might address his mental health issues or assist in his transition upon release from custody, *see id.* at 5-

6. Petitioner contends that "allowing the . . . detainer warrant . . . to remain would be 'OVERKILL' seriously." *Id*. at 7 (emphasis in original).

Insofar as Petitioner challenges his Superior Court sentence, his remedy, if any, is in the Superior Court by motion under D.C. Code § 23-110. Petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under [Section 23-110(a)] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (explaining that Section 23-110 "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)"). He has made no such showing.

For now, the detainer remains in place. The Parole Commission is under no obligation to execute the warrant while Petitioner continues to serve the Illinois sentence. Because Petitioner is not currently detained pursuant to the Parole Commission's warrant, he has no right to a hearing, or any other action with respect to the detainer, at this time. *See Calloway v. District of Columbia Bd. of Parole*, 103 F. App'x 740, 741 (4th Cir. 2004) (per curiam) ("There is . . . 'no constitutional duty to provide [a parolee] an adversary parole hearing until he is taken into custody as a parole violator by execution of [a] warrant'" (quoting *Moody v. Daggett*, 429 U.S. 78, 89 (1976)); *Nelson v. Williams*, 750 F. Supp. 2d 46, 51 (D.D.C. 2010) (concluding that Parole Commission "was under no obligation to conduct a revocation hearing while plaintiff was serving the Maryland sentence, which had been imposed upon his conviction of a crime committed while on parole"), *aff'd*, No. 10-5429, 2011 WL 2618078 (D.C. Cir. June 23, 2011) (per curiam), *cert. denied*, 565 U.S. 1126 (2012).

An Order is issued separately.

DATE: September 2, 2025                    /s/
                                           JIA M. COBB
                                           United States District Judge